Elisa Ruiz Vda. de Monge, demandante y apelante, *v.* Sindicato Reorganización Vannina etc., y Sociedad Agrícola de Río Piedras, S. en C., demandados y terceros demandantes; José María del Valle, tercero demandado.

Núm. 8868.—*Sometido:* Marzo 9, 1944. *Resuelto:* Mayo 4, 1944.

*R. H. Blondet,* abogado de la apelante; *Damián Monserrat, Jr.* y *Gabriel de la Haba,* abogados de los apelados y terceros demandantes; *Francisco Vizcarrondo Morell,* abogado del tercero demandado.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

La demandante solicitó el desahucio de los demandados por las causales de (*a*) falta de pago de los cánones de arrendamiento de una finca y (*b*) vencimiento, por rescisión, del contrato de arrendamiento. La demanda fué declarada sin lugar por la corte inferior y la demandante en este recurso alega que erró al resolver que no se habían probado dichas causales. Hemos examinado detenidamente la prueba pre-

sentada y·consideramos que la opinión emitida por la corte sentenciadora expone correctamente los hechos probados en este caso, los cuales justifican la sentencia dictada. Dicha opinión, en lo pertinente, dice así:

"Allá por el año 1937, y mediante escritura otorgada ante el Notario Damián Monserrat el día 6 de diciembre de dicho año, la demandante, Elisa Ruiz Vda. de Monge, arrendó a la demandada Sindicato Reorganización Vannina, por el término de catorce años ocho meses, y por el canon de $110 mensuales, pagaderos por mensualidades vencidas, una finca rústica radicada en el barrio Carraizo del término municipal de Trujillo Alto. La arrendataria, Sindicato Reorganización Vannina, anticipó a la arrendadora la suma de $2,500 a cuenta de los cánones de arrendamiento, cantidad ésta que, en unión de sus intereses al 7 por ciento anual, sería satisfecha por la arrendadora en plazos mensuales de $50 que le serían descontados del canon de arrendamiento, y del resto de dicho canon la arrendataria pagaría a The Federal Land Bank of Baltimore $50 mensuales para abonar a la deuda hipotecaria a que estaba afecta la finca objeto del arrendamiento, entregando la arrendataria a la arrendadora los restantes $10 del referido cánon.

"La sociedad arrendataria, Sindicato Reorganización Vannina, fué disuelta por escritura otorgada ante el Notario Damián Monserrat el día 25 de abril del año 1939, y en dicha escritura se constituyó la Sociedad Agrícola de Río Piedras, sociedad esta última que fué modificada por escritura otorgada ante el mismo Notario en 12 de enero de 1940, en la que se constituyó la Sociedad Agrícola de Río Piedras, S. en C., aquí también demandada. Tanto la Sociedad Agrícola de Río Piedras como la Sociedad Agrícola de Río Piedras, S. en C., como sucesoras de Sindicato Reorganización Vannina, y por haber adquirido los derechos de ésta en el contrato de arrendamiento celebrado con la demandante, cumplieron todas las condiciones pactadas en el referido contrato, excepto las condiciones de pago del canon, que a petición de la demandante quedaron modificadas en la siguiente forma: En vez de entregársele a la demandante $10 mensuales, se le entregaban $30 mensuales; a The Federal Land Bank of Baltimore se le siguieron haciendo los pagos de $50 mensuales; y los plazos del préstamo fueron rebajados a $30 mensuales.

"En octubre 28 de 1941, y por escritura otorgada ante el Notario Damián Monserrat, la Sociedad Agrícola de Río Piedras, S. en C. subarrendó a José María del Valle, tercero aquí demandado, la finca objeto del referido arrendamiento, de cuyo subarrendamiento tuvo

conocimiento la demandante en mayo 31 de 1943, pues hasta dicha fecha la demandada Sociedad Agrícola de Río Piedras, S. en C., no obstante haber subarrendado al Sr. Del Valle dicha finca, estuvo pagando a la demandante el canon de arrendamiento en forma convenida.

"Al tener conocimiento la demandante del subarriendo al Sr. del Valle, un hijo de ésta, con fecha 3 de junio de 1943, se dirigió por escrito a la demandada Sociedad Agrícola de Río Piedras, S. en C., informándole que la demandante no estaba conforme ni aceptaba dicho subarrendamiento, ya que el contrato que ella había firmado no confería a dicha sociedad el derecho de subarrendar.

"No aparece del contrato de arrendamiento celebrado entre la demandante y Sindicato Reorganización Vannina que a la arrendataria le estuviese prohibido subarrendar la finca objeto del contrato.

"El subarrendatario, Sr. del Valle, y de acuerdo con las instrucciones recibidas de la sociedad subarrendadora, pagó el canon de arrendamiento correspondiente a los meses de junio, julio y agosto del corriente año en la misma forma en que había sido pagado por las demandadas desde el otorgamiento del contrato de arrendamiento —diciembre del año 1937—, hasta mayo 31 del corriente año, esto es, enviando $50 a The Federal Land Bank of Baltimore, $30 a la Central San José, Inc., y el resto hasta completar el canon, luego de descontar el Impuesto de la Victoria de la totalidad de dicho canon, a la demandante, quien, al recibir del Sr. del Valle un cheque en pago de la parte del canon que a ella le correspondía del mes de junio del corriente año, se lo devolvió por conducto de su abogado, Lic. Ricardo H. Blondet, porque ella no aceptaba el contrato de subarrendamiento celebrado entre el Sr. Del Valle y la demandada Sociedad Agrícola de Río Piedras, S. en C.; y por el mismo motivo le fueron devueltos al Sr. del Valle los cheques que envió a la demandante en pago de la parte del canon que a ella le correspondía de los meses de julio y agosto de este año.

"Los cheques que el Sr. del Valle envió a la Central San José, Inc. y a The Federal Land Bank of Baltimore por cuenta de la demandante y a cuenta de los cánones de arrendamiento correspondientes a los meses de junio, julio y agosto de 1943, fueron pagados por el Banco Popular de Puerto Rico, contra el cual habían sido librados, a la Central San José, Inc. y a The Federal Land Bank of Baltimore."

(Debemos hacer constar que de acuerdo con certificación del secretario de la corte inferior, radicada en esta Corte, el Sr.

del Valle ha depositado mensualmente en dicha corte el balance del canon de arréndamiento perteneciente a la apelante.)

"Sostiene la demandante que a ella se le pagó por el Sr. del Valle con cheques, y que éso no es un pago de acuerdo con el contrato ni de acuerdo con la ley; pero al así hacerlo, olvídase la demandante de que las condiciones del contrato fueron modificadas por sus propias actuaciones, al haber estado recibiendo cheques de las demandadas en pago de los cánones por un período de más de cinco años. Cuando la demandante recibió el primer cheque del Sr. del Valle no se lo devolvió por ese motivo, y sí porque no aceptaba el contrato de subarrendamiento; . . . .

■ "La evidencia no nos ha convencido de la alegada rescisión del contrato de arrendamiento. Si bien es cierto que en julio 1ro. de 1941 la Sociedad Agrícola de Río Piedras, S. en C. se dirigió a la demandante inquiriendo si estaría dispuesta a rescindir el contrato de arrendamiento que tenían celebrado, y que en julio 8 de 1941 la demandante contestó aceptando la re cisión propuéstale, no es menos cierto que nunca llegó a rescindirse el contrato, y así lo admitió el propio hijo de la demandante en su declaración. Si el contrato hubiera estado rescindido, no hubiera el hijo de la demandante, con fecha 3 de junio del corriente año, escrito a la demandada Sociedad Agrícola de Río Piedras, S. en C. refiriéndose al contrato, ni hubiera el abogado de la demandante, Lic. Blondet, informado por escrito, en julio 7 de 1943, al Sr. del Valle, que la demandante no aceptaba el subarrendamiento."

Todos los hechos probados demuestran que el único motivo que tuvo en mente la demandante para no aceptar del Sr. del Valle el pago del balance del canon de arrendamiento que le correspondía recibir de acuerdo con el contrato, fué el hecho de haberse subarrendado la finca al Sr. del Valle, sosteniendo la demandante que la arrendataria no estaba autorizada a subarrendar la finca. Empero, ese hecho no fué alegado ni probado por la demandante y no podía serlo porque el contrato no prohibía expresamente dicho subarrendamiento y siendo ello así, la arrendataria podía hacerlo de acuerdo con el artículo 1440 del Código Civil.

*Debe confirmarse la sentencia apelada.*